which is United States v. Kyrgyz. Thank you. Morning. Morning, Your Honor. Morning, Your Honors. If I may, my name is John Einhorn from New Haven. I represent the defendant in this case. I did not represent him at trial, but I obviously represent him in this appeal. May it please the court, Mr. Kyrgyz filed a pro se motion for under 3582 for a sentence reduction under guidelines amendments 794 and 792. And the simple issue is that the district court denied his motion because she found that those two amendments were not on the retroactive guidelines list under 1B1.10. We maintain that there's two ways that guidelines amendments become retroactive. First is by being on the list, which these weren't. And secondly, if they're clarifying amendments. In some regard, I think this is a case of first amendment for this court. The first impression, yeah, no first amendment arguments here, sorry. But it's really a first impression issue, I believe. The 9th, 6th, 11th, and 1st circuits have found, at least as to guideline amendment 794, that in fact, they just add additional guidance and that one is a clarifying amendment. 794 is the one about minor role. Yes, it is, Your Honor. But didn't the district court at sentencing find that Mr. Kergel was a supervisor or a manager? The district court did using the old. Wait, no, not using the old. Using the then and now definition of what is a manager or supervisor. Yes, she did. And is that not, first of all, a determination that is not based on how you compare with other people in other parts of the country committing other kinds of crimes? It's based on your role in this particular offense. You know, wrestling with that, what bothers me about it is that, let's assume that that stays, the managerial role issue stays, for the reasons, Your Honor. Can you simultaneously have a managerial uptick and a minor role reduction? Yes, because, and I don't think you can, but the problem is. Well, if you can't, then isn't the determination that he was a manager or supervisor entirely inconsistent with the finding that, as among the players in this scheme, he played only a minor role? Well, but the problem is, when you take that argument that Your Honor posits, and then you compare it with the fact that, compared with the other players in this scheme, he also was a minor player. Mr. Binday, for example, got $100 million in benefits from this scheme. There's some question about how much my client got, anywhere from $600 to $2 million. But that still makes him, I think, under the new amendment, eligible for a minor role reduction. I just think that the district court needs to answer the question that Your Honor raises there, not us. How do you put this together? I think it's a question of law. There are upticks for major roles and downticks for minor roles. There is the average participant. Then there is the people who are more culpable than the average participant. And then there are the people who are less culpable than the average participant. If you are more culpable than the average participant in a given scheme because you are a manager, then you aren't a minor participant, by definition, aren't you? Isn't that right? Yes, I agree. But yes, but the district judge didn't consider, I believe, under the new amendment, whether or not my client, in comparing him with Mr. Binday's involvement in the scheme, actually made him, in that regard, a minor participant. So I do think that that Well, if you're less culpable than the kingpin, that doesn't necessarily make you a minor participant. Well, I think under the new amendment, it's something to look at. Your involvement vis-a-vis the other participants. In other words, his activity, his involvement in the criminal activity is the new standard. The new language that the amendment adds is not just that he should be compared with the average participant, but the average participant in the criminal activity. If you compare him with Mr. Binday, I think he's fairly minor. Just to Mr. Binday, you can't compare him to all the participants in the scheme. I mean, you're talking about the chief executive versus the top lieutenant. That's hardly a minor participant. I agree. I was just using Mr. Binday as an example. Well, and that's the problem that that's your case. You don't have an argument for treating your client as a minor participant here. I think the district court needs to consider that issue, Your Honor. Based on what? On the new standard. The district judge made an aggravating role finding. And you're now saying that in light of this amendment, which only applies on direct appeal, by the way, I mean, he can relitigate this. And we're asking you, based on what? I believe that if the court had an opportunity to look at the new language in the new guideline. What language and what facts? Well, the new language is they added the words in the criminal activity. That's the new language. Right, and I'm suggesting to you that's not a comparison vis-a-vis one person. It's everybody. So how in this case would you be able plausibly to show that he was only a minor participant? Because you can still be a manager or a leader and still have a fairly lower role in the case. I'm sorry, I'm not asking this in a way that obviously you're understanding. That's your theory. Yes. What are the facts here that would support your client being found a minor participant? Sure, he worked for Mr. Binde as, I don't want to say an advisor, but he received $600,000 essentially for helping to supervise other agents and essentially to work for Mr. Binde on a limited basis. I think when you consider all of the employees, which I know your honor is suggesting that the district court did, but I don't see that it was done in the context of the new amendment. That's all I'm suggesting that the district court should relook at. The other question, we've been focused on whether that amendment would do you any good even if it were relevant. But the section 3582 says when things are retroactive, consistent with the policy statements of the commission, the relevant policy statement is 1B1.10. And 1B1.10 says basically you can reduce the term of imprisonment if the amendment is listed. It doesn't say anything about clarifying amendments or things of that sort. Clarifying amendments may say if you're on direct appeal and you're saying the district court got it wrong and there's been a clarifying amendment that was unavailable to the district judge that makes clear that it was wrong, we apply the guidelines as they are. Sorry. But 3582 is the different situation where you're asking for a reduction in sentence because of something that the commission created and said is retroactive. And they do that in 1B1.10 and they don't do it for this amendment. So how do we even get to the question we've been discussing? I maintain, other circuits have gotten to this question and I maintain that they do that by not only using the list as being the sole method of getting to clarifying amendments and I believe the 9th, 6th, 11th and 1st circuits have gotten to it by basically looking at the substance of what the amendments do. And I have to say we haven't separated out the difference between 794 and 792 but I believe if it turns out that it is just a clarifying amendment then you do get to it. The question that Judge Raji. Can I just ask you about that Mr. Eichhorn? Is my understanding though 794 clarified 3B1.2 mitigating role, right? Yes. Did it clarify 3B1.1 aggravating role? It did not address that, no. And that's how he got the increase here was for aggravating role. But are you saying that because they kind of go together that he was, the district court was supposed to consider that in the context of the role adjustment down so it must be applied for the other one too? I agree with Judge Lynch. You can't have it both ways but I do think that the district court should look at his role in the offense. But you see isn't the aggravating role inherently not just after the clarifying amendment but always has been about the role in these particular events. You don't get an aggravating role. That's not in terms of he's more culpable than the average person who does this crime all over the country. It's you look at the facts of this case and say was he a manager in this activity? I think what the new amendment did though is it added to what you look at and to see what his role was vis-a-vis. Does that make him not a manager? You see, you agreed that you can't have it both ways. So I'm trying to understand how any new language about how you consider a minor role reduction would apply if the judge has already determined that you are far from being a minor player. You qualify for what you agree would be inconsistent with being a minor player in this conspiracy. I think that the finding that she made that he was a managerial role was without considering the new language of the amendment. And if she did that, I think it would add at least a little more opportunity to look at him vis-a-vis the entire set of employees. And particularly, I hate to keep focusing on Mr. Binday, but particularly considering how much money, for example, Mr. Binday took out of this and how much money he took out of that. I do think there's a distinction between being a manager or leader and being somebody whose role in the offense meant that he had a fairly small financial stake. Thank you, Mr. Einhorn. I know you've got a little time reserved, so why don't we hear from the government, Ms. Eddy. Yes, Your Honor, thank you. May I please the court? My name is Sarah Eddy. I represent the United States on appeal as I did in the court below and at trial in Mr. Kergel's case. The court has already made most of the points that I had intended to make, so I will be brief. On the threshold question, Mr. Einhorn is incorrect that this is a matter of first impression in this circuit. The court has been clear, as the Supreme Court has been clear, and the court has as well in Dillon, this court has been clear in Perez that amendments which are not listed in the policy statement at 1B1.10D are not retroactive and may not be invoked under section 3582C2. The Austin case, I know you both filed 28J letters about it. It seems to indicate that 794 clarified the minor role. Your Honor, that case was on direct appeal first of all, so it didn't present the issue, the threshold issue of law here. There is language in that opinion that refers in describing parts of the amendment, refers to it as having been clarifying, and the government has conceded in other cases in the Ninth Circuit and the Fifth Circuit on direct appeal that 794 is in fact clarifying. But that's not a retroactive application. That's saying right now as you sit here in court and are considering the sentence, this guideline change applies. That's correct. There is language in some of these opinions on direct appeal referring to retroactivity, but that's referring to it in the context of the amendment having come into effect after the defendant's sentencing but before the direct appeal was resolved. So when we're talking about retroactivity under 3582C2, we're talking about only the listed amendments under 1B1.10D and amendments 794 and 792 are not listed there. I do want to touch though on the merits of this briefly. This is clearly not a case in which a defendant would be entitled to a minor role under any analysis under the old commentary or under the new commentary. As the court has noted, Mr. Kergel was properly assessed three aggravating points for his role in this offense. He was the master of the fraudulent documents, the fraudulent financial documents that were supporting each of the 74 scheme applications in this case. He recruited the corrupt verifier, the corrupt accountants who helped supply that documentation. He coached them to lie to investigators and to ultimately in all of their applications to the insurance companies. He managed field agents who were submitting all the false applications and he had a proprietary interest in each of these cases. He took a cut of every commission for each of these policies that was issued. He's clearly not a minor role participant in this scheme. I'm happy to answer any other questions the court has but otherwise I'll rest on our submission. Thank you. Mr. Anhorn, you've reserved a couple of minutes. Yes, your honors. One of the issues that I've sort of wrestled with on this is the question Judge Raji asked, which is this isn't a direct appeal. It comes to this court on a 3582. And I'm trying to understand why that should really make a distinction in these cases. If it should be retroactive, if it's wrong, if the district court didn't understand that the new guidelines ought to be applied, I think they should be applied either way. I said it from the Supreme Court in this court that it's only retroactive if it's on the list. Well, I don't believe that is in fact the, I think as I say that there's other circuits that have allowed it to. No, no, no, no. Can you cite me a single case from any court in the country that says on a 3582 application, something that is characterized as a clarifying application can be the basis for such a sentencing reduction? No, the cases I've cited from the other circuits were in fact main appeals, 9th, 6th, 11th, and 1st. But they're direct appeals. They were direct appeals. They were main appeals. And isn't the reason that rule 35, what the Sentencing Reform Act did in 1987 was to abolish rule 35 and say sentences are final, right? And there are only very limited exceptions to that. And one is where the Sentencing Commission, and remember this was all created at a time of mandatory guidelines, has changed its mind not only about how things should be going forward, perhaps because there's a policy reason why we don't need as much deterrence anymore or something like that, but because they've decided that the old sentences were wrong from the get-go and there should be a change in how those are characterized. And only in those circumstances where the commission expressly does that do you get a 3582C2 modification. I look at these sentencing guidelines as being constantly in flux, which I think was the way Congress- Right, exactly, but they're constantly in flux is exactly the reason why if 3582 is not interpreted narrowly, then everybody, whenever they change a guideline, would always be able to come back and ask about it. I think it would depend on whether or not it's a clarifying amendment or a substantive amendment. In this case, we believe that 794 and 792 are merely clarifying amendments. That's all they are. And that's the distinction I would make. Thank you, Mr. Einhorn. Thank you, Your Honor. We'll reserve the decision on this case. The remaining two cases on the day calendar are on submission, so I'll ask our clerk to adjourn court at this time. Court is adjourned.